IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEO GONZALES,<br><br>        Petitioner,<br><br>  v.<br><br>B. CURRY, Warden,<br><br>        Respondent. | No. C 07-2342 WHA (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

This is a habeas corpus case filed by a state prisoner pursuant to 28 U.S.C. 2254. The petition is directed to denial of parole.

The court ordered respondent to show cause why the writ should not be granted. Respondent has filed an answer and a memorandum of points and authorities in support of it, and has lodged exhibits with the court. Petitioner has responded with a traverse. For the reasons set forth below, the petition is **DENIED**.

## DISCUSSION

**A. STANDARD OF REVIEW**

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falls under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. *See id.* at 409.

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." *Miller-El*, 537 U.S. at 340. This presumption is not altered by the fact that the finding was made by a state court of appeals, rather than by a state trial court. *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *Bragg v. Galaza*, 242 F.3d 1082, 1087 (9th Cir.), *amended*, 253 F.3d 1150 (9th Cir. 2001). A petitioner must present clear and convincing evidence to overcome § 2254(e)(1)'s presumption of correctness; conclusory assertions will not do. *Id.*

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. at 340; *see also Torres*

1  *v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

2  When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000).

**B.    ISSUES PRESENTED**

Petitioner pled guilty to a charge of second degree murder in 1980. He received a sentence of fifteen years to life in prison. This petition is directed to the Board of Parole Hearings denial of parole in 2005. As grounds for habeas relief, petitioner asserts that: (1) the Board denied him individualized consideration and its decision was arbitrary, capricious, and not supported by the evidence; (2) the Board's decision was not supported by "some evidence;" and (3) his due process rights were violated when the Board denied parole based on only one factor, the circumstances of his crime.

Among other things, respondent contends that California prisoner have no liberty interest in parole and that if they do, the only due process protections available are a right to be heard and a right to be informed of the basis for the denial – that is, respondent contends there is no due process right to have the result supported by sufficient evidence. Because these contentions go to whether petitioner has any due process rights at all in connection with parole, and if he does, what those rights are, they will addressed first.

**1.    RESPONDENT'S CONTENTIONS**

The Fourteenth Amendment provides that no state may "deprive any person of life, liberty, or property, without due process of law." U.S. Const., amend. XIV, § 1.

**a.    LIBERTY INTEREST**

Respondent contends that California prisoners have no liberty interest in parole. Respondent is incorrect that *Sandin v. Conner*, 515 U.S. 472 (1995), applies to parole decisions, *see Biggs v. Terhune*, 334 F.3d 910, 914 (9th Cir. 2003) (*Sandin* "does not affect the creation of liberty interests in parole under *Greenholtz* and *Allen*."), and, applying the correct analysis, the California parole statute does create a liberty interest protected by due process, *see McQuillion v. Duncan*, 306 F.3d 895, 902 (9th Cir. 2002) ("California's parole scheme gives rise to a

3

1 cognizable liberty interest in release on parole."). Respondent's claim to the contrary is without
2 merit.

### b.  DUE-PROCESS PROTECTIONS

Respondent contends that even if California prisoners do have a liberty interest in parole, the due process protections to which they are entitled by clearly-established Supreme Court authority are limited to notice, an opportunity to be heard, and a statement of reasons for denial. That is, he contends there is no due process right to have the decision supported by "some evidence." This position, however, has been rejected by the Ninth Circuit, which has held that the Supreme Court has clearly established that a parole board's decision deprives a prisoner of due process if the board's decision is not supported by "some evidence in the record", or is "otherwise arbitrary." *Irons v. Carey*, 479 F.3d 658, 662 (9th Cir. 2007) (applying "some evidence" standard used for disciplinary hearings as outlined in *Superintendent v. Hill*, 472 U.S. 445-455 (1985)); *McQuillion*, 306 F.3d at 904 (same). The evidence underlying the Board's decision must also have "some indicia of reliability." *McQuillion*, 306 F.3d at 904; *Biggs*, 334 F.3d at 915. The some evidence standard identified in *Hill* is clearly established federal law in the parole context for purposes of § 2254(d). *See Sass*, 461 F.3d at 1128-1129.

### 2.  PETITIONER'S CLAIMS

### a.  INDIVIDUALIZED CONSIDERATION

Petitioner contends that his due process rights were violated by the Board's failure to afford him "individualized consideration" – he contends that the Board has a "no parole "policy for prisoners serving life sentences. The record shows that the Board reviewed the evidence extensively and discussed it with petitioner and his attorney (Exh. C at 6-56). The Board's decision sets out the facts it relied upon in finding him not suitable for parole (*id.* at 57-61). Both these factors tend to negate the accusation of bias, and petitioner has not provided any evidence that would show otherwise. The state courts' rejection of this claim was not contrary to, or an unreasonable application of, clearly-established Supreme Court authority.

### b.  "SOME EVIDENCE"

Petitioner contends that denial of parole was not supported by "some evidence" and thus

4

violated his due process rights.

Ascertaining whether the some evidence standard is met "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455; *Sass*, 461 F.3d at 1128. The some evidence standard is minimal, and assures that "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Sass*, 461 F.3d at 1129 (quoting *Hill*, 472 U.S. at 457).

It is now established under California law that the task of the Board of Parole Hearings and the governor is to determine whether the prisoner would be a danger to society if he or she were paroled. *See In. re Lawrence*, 44 Cal. 4th 1181 (2008). The constitutional "some evidence" requirement therefore is that there be some evidence that the prisoner would be such a danger, not that there be some evidence of one or more of the factors that the regulations list as factors to be considered in deciding whether to grant parole. *Id.* at 1205-06.

The parole hearing at issue here was twenty-six years after petitioner's crime. The victim and a friend were fired upon by members of petitioner's gang (Exh. C at 6). The victim went to petitioner's house armed with a handgun and bound on revenge (*id.* at 6-7). He walked into an ambush; wounded, he crawled under a parked car in an attempt to hide, but was pulled out by petitioner and friends (*id.* at 7-8). He begged them to kill him, which petitioner did by shooting him in the head or chest with a shotgun (*id.* at 8-9). The question before the Board was whether petitioner would be a danger to society if paroled, a question which pertains to the present and the future. The passage of so much time since the offense undoubtedly much reduced its evidentiary value, but because it was such a brutal crime it retained some value. And the Board's decision was any event also supported by the serious rule violation report plaintiff received in 2003. He was charged with assault on another inmate, although the charge was reduced to mutual combat at the rules violation hearing (*id.* at 29).

This is a close call, but given the minimal nature of the "some evidence" standard, the Court concludes that there was no due process violation, and that if there was, it at least was not

such that the state courts' rejection of this claim was contrary to, or an unreasonable application of, clearly-established Supreme Court authority.

### c.   OFFENSE AS SOLE EVIDENCE OF UNSUITABILITY

Petitioner also contends that the Board violated his due process rights by basing its denial solely on the nature of his offence. As noted above, the denial was not based solely on the offense, but also on his conviction of violating a disciplinary rule. He thus has not established the predicate for this claim. It is without merit.

## CONCLUSION

The petition for a writ of habeas corpus is **DENIED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  October   15  , 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.07\GONZALES342.RUL.wpd